UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOARD OF TRUSTEES OF THE
AUTOMOTIVE MACHINISTS
PENSION TRUST,

        Plaintiff,

v.

VITAMILK DAIRY, INC.,

        Defendant.

C17-291 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's renewed motion for default judgment, docket no. 26. Having reviewed the papers filed in support of the motion and the record in this case, the Court enters the following order.

**Discussion**

This is plaintiff's third attempt to secure default judgment against defendant Vitamilk Dairy, Inc. ("Vitamilk"). The Court denied plaintiff's first motion because it sought default judgment against Vitamilk, but not other defendants, without providing a basis for the Court to make the certification required by Federal Rule of Civil Procedure 54(b). Minute Order (docket no. 13). Plaintiff subsequently dismissed all other defendants, named as Does 1-25, *see* Notice (docket no. 14), and again moved for default judgment against Vitamilk. Concerned that Vitamilk, which had been only constructively served via deposit of the summons and complaint with the Washington

ORDER - 1

Secretary of State, was unaware of this litigation, the Court directed plaintiff to serve a copy of its motion for default judgment and supporting papers on Vitamilk at a new address for its registered agent. *See* Minute Order (docket no. 20). After learning of this lawsuit, Vitamilk filed a Chapter 7 bankruptcy petition, *see* Notice (docket no. 22), and this matter was stayed pursuant to 11 U.S.C. § 362, *see* Minute Order (docket no. 23). Plaintiff's second motion for default judgment was stricken without prejudice to refiling. *Id.*

The stay was lifted by Minute Order entered June 18, 2018, docket no. 25, and Vitamilk was given an opportunity to move to vacate the entry of default against it. No motion to vacate the entry of default was timely filed. On July 17, 2018, plaintiff filed the current motion for default judgment and noted it for the same day it was filed. The motion, which had been served via first-class mail on Vitamilk's registered agent and the attorney who represented it in bankruptcy proceedings, *see* Certificate of Service (docket no. 29), was renoted to allow Vitamilk time to respond, *see* Minute Order (docket no. 30). No response was timely filed, and plaintiff's renewed motion for default judgment is now ripe for the Court's consideration.

According to plaintiff, Vitamilk withdrew from the Automotive Machinists Pension Trust in 2003, giving rise to withdrawal liability pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). Under the MPPAA, plaintiff was supposed to notify Vitamilk of the amount of the withdrawal liability and the schedule for payments "[a]s soon as practicable after" the withdrawal. 29 U.S.C. § 1399(b)(1). In this case, plaintiff waited until December 1, 2015, roughly twelve years, to send a letter to Vitamilk setting forth the amount of the withdrawal liability ($180,435) and the schedule

ORDER - 2

for payments, the first of which was due on January 1, 2016. <u>See</u> Ex. A to Lash Decl. (docket no. 28-1 at 3-4). The Complaint indicates that "Vitamilk submitted a request for review of the Trust's withdrawal liability assessment on June 14, 2016," and that plaintiff responded to Vitamilk on August 18, 2016. Compl. at ¶¶ 14 & 15 (docket no. 1). Because Vitamilk is in default, these allegations of the Complaint are deemed admitted.

Although Vitamilk might have a laches defense to the withdrawal liability, both the First and Eighth Circuits have held that such defense must be raised in arbitration. <u>*Giroux Bros. Transp., Inc. v. New England Teamsters & Trucking Indus. Pension Fund*</u>, 73 F.3d 1 (1st Cir. 1996); <u>*Vaughn v. Sexton*</u>, 975 F.2d 498 (8th Cir. 1992). In contrast, the Tenth Circuit has concluded that the laches defense remains available in a suit to collect on a claim for withdrawal liability, reasoning that the disputes that must be arbitrated pursuant 29 U.S.C. § 1401(a)(1) are only those "concerning a determination" of withdrawal liability. <u>*In re Centric Corp.*</u>, 901 F.2d 1514 (10th Cir. 1990). The Tenth Circuit case, however, was in a different procedural posture; the delay at issue was in commencing suit, as opposed to notifying the employer of the amount of the withdrawal liability. <u>*Id.*</u> at 1518-19 (observing that "a failure to arbitrate does not waive a defense that the employer does not yet have" and that, "[a]t the time the Trustees argue Centric should have initiated arbitration, the delay giving rise to the laches defense had not yet occurred"); *see also* <u>Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.</u>, 522 U.S. 192 (1997) (holding that the six-year period of limitations for an action seeking to enforce withdrawal liability under the MPPAA begins running when the employer fails to make a payment on the schedule set by the fund).

ORDER - 3

The Court concludes that, because Vitamilk submitted a request for review of the withdrawal liability, thereby indicating that Vitamilk received the December 2015 letter setting forth the amount due, and it did not timely seek arbitration within sixty (60) days after receiving plaintiff's August 2016 response to its request for review, *see* 29 U.S.C. § 1401(a)(1) (setting forth the time limits for initiating arbitration), Vitamilk has waived any laches defense to the withdrawal liability. Plaintiff is therefore entitled to default judgment in the amounts set forth in its motion.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion for default judgment, docket no. 26, is GRANTED, and the Clerk is DIRECTED to enter default judgment in the amounts requested by plaintiff.

(2) The Clerk is further DIRECTED to send a copy of this Order and the judgment to all counsel of record. Plaintiff's counsel is DIRECTED to personally serve copies of this Order and the judgment on Vitamilk's registered agent Molly Oien and on Vitamilk's attorney in the bankruptcy proceedings, Aimee S. Willig of Bush Kornfeld LLP, and to file proof of such service within seven (7) days of the date of this Order.

IT IS SO ORDERED.

Dated this 12th day of October, 2018.

Thomas S. Zilly
United States District Judge